UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. 4:17-CR-00039-06-JPB |
| MICHAEL KENT, | |
| Defendant. | |

# ORDER ADOPTING NON-FINAL REPORT AND RECOMMENDATION

This matter comes before the Court on the Magistrate Judge's Non-Final Report and Recommendation [Doc. 286]. This Court finds as follows:

PROCEDURAL HISTORY

In this case, Defendant Michael Kent ("Defendant Kent") is charged with a single count of Conspiracy to Obstruct Justice for allegedly conspiring with others to use physical force against a witness for the purpose of influencing that witness's testimony. Defendant Cedric Sams ("Defendant Sams"), another defendant in this multi-count case involving 135 PIRU gang members, is charged with Murder in Aid of Racketeering and Use of a Firearm in Furtherance of Crime of Violence Resulting in Death. On September 27, 2019, Defendant Kent filed a Motion to Compel Disclosure of Confidential Informant seeking to obtain the identity of an

informant called "CD-1." [Doc. 249]. Defendant Kent argued that disclosure of the informant's identity would lead to exculpatory evidence. Id. Shortly thereafter, Defendant Sams moved to disclose the identity of all informants for the same reason. [Doc. 266]. On October 2, 2019, Defendant Kent moved to suppress the search of his Instagram account alleging that the search warrant lacked probable cause. [Doc. 267]. All three motions were submitted to the Magistrate Judge for a recommendation. In his Report and Recommendation, the Magistrate Judge recommended denying each motion. [Doc. 286].

## ANALYSIS

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. See also Fed R. Crim. Pro. 59(b)(3).

Defendant Sams did not object to the Magistrate Judge's recommendation. Defendant Kent, however, timely filed his Objection to Non-Final Report and Recommendation on November 11, 2019. [Doc. 295]. In his objection, Defendant

Kent argued that the Magistrate Judge erred in recommending the denial of the motion to suppress and the motion to compel.

1. <u>Motion to Suppress</u>

As stated above, Defendant Kent seeks to suppress the search of his Instagram account. In recommending denial of the motion, the Magistrate Judge determined that probable cause existed to issue the search warrant. The Magistrate Judge further determined that even if probable cause was lacking, suppression is not appropriate because the warrant falls within the good-faith exception articulated in <u>United States v. Leon</u>, 468 U.S. 897 (1984).

In Defendant Kent's objection, Defendant Kent seems to argue that the affidavit provided in support of the warrant was insufficient to show probable cause because much of the affidavit focuses on the co-defendants instead of Defendant Kent, the affidavit does not detail what was said on the phone call between Defendant Kent and Defendant Christopher Nwanjoku on June 1, 2020, and the affidavit does not explain why Defendant Kent's Instagram account would contain evidence of a crime. [Doc. 295, pp. 2-3]. This Court disagrees.

After a *de novo* review, this Court finds that the warrant is supported by probable cause and this Court discerns no error in the Magistrate Judge's determination. The Magistrate Judge correctly noted that the affidavit in support

of the warrant includes a lengthy factual basis detailing how 135 PIRU gang members use social media sites, like Instagram, to communicate and promote gang matters. Although Defendant Kent was not a 135 PIRU gang member, he was a member of a different gang, the affidavit explained that his twin brother (Defendant Maurice Kent) was a 135 PIRU gang member, and Defendant Kent was friendly with other 135 PIRU gang members. The affidavit even noted that Defendant Kent appeared in pictures with 135 PIRU gang members.

Importantly, the affidavit contained adequate details explaining Defendant Kent's involvement with the death of Qualeef Rhodes, a fellow 135 PIRU gang member. On June 1, 2017, it became known that Rhodes gave information to the police about Defendant Maurice Kent's involvement in a shooting at the Medusa Restaurant in Brookhaven, Georgia. On the same day that the information became known, Defendant Maurice Kent called his brother and told him to tell other gang members to delete all social media accounts because Rhodes was cooperating with the police. According to the affidavit, a confidential informant ("CD-1") told the police that Defendant Kent then called Defendant Nwanjoku and complained about Rhodes's snitching. Only three days later, Rhodes was murdered. Significantly, the affidavit alleged that cell phone records showed that on the day of the murder, Defendant Kent was in contact with those suspected of Rhodes's murder. Notably,

4

these are the same individuals that Defendant Kent was photographed with. Ultimately, this Court finds that the specific evidence connecting Defendant Kent to the murder of Rhodes, taken together with the explanation of how 135 PIRU gang members use Instagram to communicate, is sufficient to show that further evidence would likely be found in Defendant Kent's Instagram account. As such, Defendant Kent's contention that the warrant was not supported by probable cause is without merit.

Even if the warrant was not supported by probable cause or was somehow too broad or otherwise invalid, this Court agrees with the Magistrate Judge that under the good faith exception, suppression is not warranted here. The good faith exception provides that "courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002). Importantly, the good faith exception requires suppression "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Id. Despite Defendant Kent's arguments to the contrary, this Court finds no evidence that the warrant was prepared recklessly. The affidavit was not bare boned, nor did it merely contain conclusory allegations

as Defendant Kent suggests. Ultimately, this Court finds that it was reasonable for the executing agent to rely on the search warrant under the totality of the circumstances.

For the reasons stated above, this Court OVERRULES Defendant Kent's objection concerning the Magistrate Judge's recommendation as to the motion to suppress. This Court finds that the warrant was supported by probable cause. Furthermore, even if the warrant lacked probable cause, the good faith exception does not require suppression because no evidence exists that the warrant was prepared in a reckless or dishonest manner.

2. Motion to Compel

As stated previously, Defendant Kent sought to compel the Government to disclose the identity of CD-1. As an initial matter, the Magistrate Judge recommended denying the motion because CD-1's identity will be revealed shortly before trial. In other words, this is not a situation where the identity of the informants will never be disclosed. The Magistrate Judge also weighed the extent of the informant's participation in the criminal activity (which he determined was neutral), the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant (which he determined weighed against disclosure) and the government's interest in nondisclosure (which he determined

also weighed against disclosure) before concluding that the factors weighed in favor of non-disclosure.

The Magistrate Judge's determination that the factors weighed in favor of nondisclosure was not error. Here, the third factor is especially compelling. Without much explanation, Defendant Kent argues in his objection that "[t]here is no danger to the confidential source." This Court, however, cannot overlook that it is alleged that Defendant Kent was involved with the murder of Rhodes, a fellow gang member, who was killed for cooperating with police. Because this case involves the murder of a potential witness who was killed for cooperating with law enforcement, the government's interest in nondisclosure is overwhelming. In sum, because the factors weigh in favor of non-disclosure and because the identity of CD-1 will be disclosed before trial, Defendant Kent's objection is OVERRULED.

## CONCLUSION

After consideration of the Non-Final Report and Recommendation and Defendant Kent's objections, the Court APPROVES AND ADOPTS the Non-Final Report and Recommendation [Doc. 286] as the opinion of the Court. For the reasons stated in the Non-Final Report and Recommendation, Defendant Kent's Motion to Suppress [Doc. 267] and Motion to Compel Disclosure of Confidential Informant [Doc. 249] are DENIED. Additionally, Defendant Sams's Motion for

Disclosure of Informants [Doc. 266], which was reviewed for clear error, is also DENIED.

**SO ORDERED** this 29th day of May, 2020.

_____
J. P. BOULEE
United States District Judge